IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNY BEACH,                                           Case No. 3:19-cv-00012-SB

               Plaintiff,                            **OPINION AND ORDER**

      v.

LUIS RIVERA, TRAVIS GREGSTON,
CITY OF TIGARD, a municipality in the
State of Oregon, and TRIMET,

               Defendants.

---

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Denny Beach ("Beach"), filed this action against Luis Rivera ("Rivera"), Travis Gregston ("Gregston"), and the City of Tigard (collectively, "Defendants"),[1] alleging that Defendants violated his constitutional rights when Tigard police officers Rivera and Gregston stopped him for smoking on a transit platform and then arrested him for interfering with a peace officer. (Third Am. Compl., ECF No. 23.) Defendants filed a motion for summary judgment

---

[1] Beach also named Trimet as a defendant in his original complaint, but the Court dismissed Trimet with prejudice. (ECF No. 11.)

PAGE 1 – OPINION AND ORDER

(ECF No. 57), to which Beach did not respond.[2] The Court has jurisdiction over Beach's claims pursuant to 28 U.S.C. §§ 1331 and 1367, and all parties have consented to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636. For the reasons stated below, the Court grants Defendants' motion.

## ANALYSIS

## I.    STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of that party. *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005). The court does not assess the credibility of witnesses, weigh evidence, or determine the truth of matters in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and internal quotation marks omitted).

"A district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material[.]" *Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994) (citing *Henry v. Gill Indus.*, 983 F.2d 943, 950 (9th Cir. 1993)). A district court abuses its

---

[2] When Defendants filed their motion for summary judgment, the Court served Beach with a "Summary Judgment Advice Notice," which informed him that "[i]f you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you." (ECF No. 59.) Beach filed a motion for extension of time to submit his response, which the Court granted, and Beach's response was due by August 20, 2020. (ECF No. 63.) Nevertheless, Beach has not filed a response to the motion for summary judgment.

discretion by granting a motion for summary judgment based solely on a failure to respond "where the movant's papers are insufficient to support that motion or on their face reveal a genuine issue of material fact." *Henry*, 983 F.2d at 950 (holding that district court abused its discretion by granting motion for summary judgment based on the failure to respond, but affirming summary judgment on other grounds).

## II.    DISCUSSION

### A.    Fourth Amendment Claims

The Court agrees with Defendants that Beach's claims alleging that Rivera and Gregston illegally stopped and detained him are barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (holding that a claim is not cognizable under 42 U.S.C. § 1983 if it "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence"). A state court jury convicted Beach of interfering with a peace officer, which required a finding that Beach intentionally refused to obey an officer's *lawful* order. (Decl. of Kirk W. Mylander ("Mylander Decl."), Exs. 2-6.) Beach's claims that the seizure of his person was unconstitutional because the officers' orders to exit the bus were *unlawful* orders would necessarily imply the invalidity of Beach's conviction for interfering with a peace officer. *See, e.g.*, *Whitaker v. Garcetti*, 486 F.3d 572, 583-84 (9th Cir. 2007) (holding that the *Heck* bar applies to Fourth Amendment claims); *Stacy v. Bledsoe*, No. CV. 05-1126-PK, 2006 WL 208867, at *2 (D. Or. Jan. 25, 2006) ("To the extent Plaintiff may be attempting to raise a Fourth Amendment search and seizure issue with respect to his traffic stop . . . , *Heck* bars this claim[.]"). Accordingly, Beach's Fourth Amendment claims (Counts I and II) are barred by *Heck*.

### B.    Monell Claims

With respect to Beach's *Monell* claims against the City of Tigard, Beach has presented no evidence of a policy or custom of unconstitutional stops or excessive force, nor that a final

policymaker ratified the officers' actions, and thus there is no dispute of material fact as to the City of Tigard's liability here (Counts III, IV, and V). *See Monell v. Dep't of Soc. Svcs. of City of New York*, 436 U.S. 658, 690-91 (1978) ("Local governing bodies, therefore, can be sued directly under § 1983 . . . where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers . . . . [or] pursuant to governmental 'custom.'").

### C.    Excessive Force and Battery Claims

Beach alleges that Rivera and Gregston used excessive force when they grabbed his shirt and deployed a taser to remove him from the bus and then held him on the ground while they handcuffed him. (Third Am. Compl. ¶¶ 37-41.)

To determine whether law enforcement officers used constitutionally unreasonable force during an arrest, the Ninth Circuit applies a three-step analysis, evaluating: (1) the type and amount of force inflicted; (2) the importance of the government interests at stake (considering the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether the suspect was actively resisting arrest or attempting to evade arrest by flight); and (3) the totality of the circumstances and the weight of the gravity of the intrusion against the government's interest. *Miller v. Clark Cty.*, 340 F.3d 959, 964 (9th Cir. 2003) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Summary judgment is appropriate if the court "concludes, after resolving all factual disputes in favor of the plaintiff, that the officer's use of force was objectively reasonable under all circumstances." *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994).

The parties do not dispute that Rivera and Gregston gave Beach several "forceful orders" to exit the bus, Beach repeatedly refused to exit the bus, Rivera attempted to remove him from the bus but Beach resisted, and Rivera then used a taser on Beach to remove him from the bus,

Gregston held him on the ground, and Rivera placed him in handcuffs. (Third Am. Compl. ¶¶ 20-35; Mylander Decl. Ex. 1 (Beach's deposition testimony on the relevant events); Defs.' Mot. at 1 ("The material facts regarding Plaintiff's arrest and subsequent criminal conviction are not in dispute.")). The Court finds that although the amount of force used here was not minimal and Beach's alleged crime was not severe, his repeated refusals to obey the lawful commands of the officers to exit a public bus (for which he was convicted by a jury) and his attempts to resist efforts to remove him from the bus posed an immediate threat to the safety of the officers and to others on the bus. Based on the undisputed facts here, the Court finds that the force used was constitutionally reasonable under the totality of the circumstances. *See Estate of Martin by Martin v. United States*, 686 F. App'x 419, 420 (9th Cir. 2017) ("[T]he use of the taser did not constitute excessive force or violate [the plaintiff's] Fourth Amendment rights, and summary judgment was proper."); *Preston v. Boyer*, No. C16-1106-JCC-MAT, 2018 WL 3118426, at *20 (W.D. Wash. May 25, 2018) ("[D]efendant's motion for summary judgment should be granted with respect to plaintiff's excessive force claim based on defendant hitting him with the Taser because this use of force was objectively reasonable given the circumstances."), *adopted* 2018 WL 3387526 (W.D. Wash. July 12, 2018); *Estate of Montanez v. City of Indio*, No. 5:17-cv-00130-ODW(SHK), 2018 WL 1989533, at *7 (C.D. Cal. Apr. 25, 2018) (granting the defendants' motion for summary judgment based on finding that "Defendants' use of the taser was a reasonable application of force"); *see also Deherrera v. Mahoney*, No. CV 06-69-H-DWM-RKS, 2009 WL 2421537, at *1-2 (D. Mont. July 29, 2009) (granting the defendants' motion for summary judgment on the plaintiff's excessive force claim despite the plaintiff's failure to respond to the motion). Therefore, the Court enters summary judgment for Defendants on Beach's allegations of excessive force (Count I).

PAGE 5 – OPINION AND ORDER

For the same reasons, the Court also enters summary judgment for Defendants on Beach's battery claim (Count VI). *See Saman v. Robbins*, 173 F.3d 1150, 1156 n.6 (9th Cir. 1999) ("[The plaintiff]'s battery claim must fail along with his § 1983 claim because we hold that no reasonable jury could have found that [the officer's] actions were objectively unreasonable under the circumstances.").

## CONCLUSION

For the reasons stated, the Court GRANTS Defendants' Motion for Summary Judgment (ECF No. 57), and Defendants' Request for Order on Motion for Summary Judgment (ECF No. 64).

DATED this 5th day of October, 2020.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge